IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SEDRICK HIBBLER,

                                                     OPINION AND ORDER

                Petitioner,

                                                     18-cv-941-bbc

    v.

WISCONSIN DEPARTMENT OF CORRECTIONS,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Sedrick Hibbler has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, in which he appears to be challenging a decision made by the Wisconsin Department of Corrections to place him in custody pending a revocation hearing. Because petitioner is held in custody based on some authority other than a state court judgment of conviction, he may utilize the general habeas corpus provision under 28 U.S.C. § 2241. Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000) (§ 2254 is vehicle for prisoners in custody pursuant to state court judgment but § 2241 is available for prisoners in state custody for some other reason, such as preconviction custody). Petitioner's specific contention is that respondent failed to comply with its own regulations regarding the timing of the date of his final revocation hearing.

      Petitioner has paid the $5 filing fee, so his petition is ready for screening under Rule 4 of the Rules Governing Section 2254 Cases. (This rule also may be applied to habeas petitions not brought under § 2254, such as petitions pursuant to § 2241. Rule

1(b), Rules Governing § 2254 Cases).  Rule 4 requires the court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief.  See also 28 U.S.C. § 2243 (habeas court must award writ or order respondent to show cause why writ should not be granted, unless application makes it clear that petitioner is not entitled to relief).  After reviewing petitioner's submissions and relevant court records, I conclude that the petition must be dismissed without prejudice for petitioner's failure to exhaust his state court remedies.

OPINION

Petitioner does not include many allegations in his petition, but from the documents attached to the petition and court records available online, I understand that he was taken into custody on August 13, 2018 for alleged robbery with the use of force and battery.  On September 4, 2018, the Wisconsin Department of Corrections recommended revocation of petitioner's extended supervision in Rock County, Wisconsin case no. 09CF2325 and determined that he should remain in custody while awaiting his initial appearance on December 3, 2018.  Petitioner was arraigned and bound over for trial in the Circuit Court for Dane County on December 11, 2018.  It is unclear from state court records available online whether a final revocation hearing has been held, and it appears that petitioner is still in custody.

Petitioner contends that under Wis. Stat. § 302.335(2)(b), respondent was required to hold a final revocation hearing within 50 days of his detention in county jail,

2

or by October 2, 2018, which did not occur in this case. The Supreme Court has held that in cases in which the state seeks to revoke extended supervision or parole, due process requires that the individual receive a revocation hearing within a reasonable time after being taken into custody. Morrissey v. Brewer, 408 U.S. 471, 488 (1972). See also Johnson v. Hompe, 2009 WL 3422828, at *2 (E.D. Wis. Oct. 22, 2009) (citing Barker v. Wingo, 407 U.S. 514 (1972)), for view that factors to consider in determining reasonableness of timing of hearing are same as those used to determine whether defendant had speedy trial). Wisconsin courts have considered the 50-day hearing provision to be directory and not mandatory, meaning that a delay beyond 50 days in beginning the hearing does not necessarily violate the due process clause or prevent the state from revoking extended supervision. State ex rel. Jones v. Division Administrator, State of Wisconsin, Division of Hearing & Appeals, 195 Wis. 2d 669, 673-74, 536 N.W.2d 213, 214-15 (Ct. App. 1995). State courts are entitled to interpret the laws of their own state, and their interpretations are binding on federal courts. Wainwright v. Goode, 464 U.S. 78, 84 (1983).

Although it seems unlikely that petitioner's claim will be successful on the merits, petitioner faces another problem. Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is available only after the petitioner has exhausted his state court remedies. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-92 (1973); Younger v. Harris, 401 U.S. 37, 49 (1971); Stroman Realty, Inc. v. Martinez, 505 F.3d 658, 662 (7th Cir. 2007); Neville v. Cavanagh, 611 F.2d 673, 675

3

(7th Cir. 1979); Voge v. Fox, 2010 WL 446098, at *1 (W.D. Wis. Feb. 2, 2010). Because petitioner alleges in his petition that he has not yet challenged the reasonableness of the timing of his revocation hearing in the state courts, I am dismissing his petition without prejudice for his failure to exhaust his state court remedies.

ORDER

IT IS ORDERED that petitioner Sedrick Hibbler's petition for a writ of habeas corpus, dkt. #1, is DISMISSED WITHOUT PREJUDICE for his failure to exhaust his state court remedies. The clerk of court is directed to close this case.

Entered this 2d day of January, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge